```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
LUKELYN CAMPBELL,                            :    10-CV-1809 (ARR)(LB)
                                             :
                    Plaintiff,               :    NOT FOR PRINT OR
                                             :    ELECTRONIC
        -against-                             :    PUBLICATION
                                             :
UNITED STATES OF AMERICA,                    :    OPINION AND ORDER
                                             :
                    Defendant.               :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

Plaintiff, Lukelyn Campbell, currently incarcerated at the Federal Medical Center ("FMC") Devens in Massachusetts, brings this *pro se* action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. For the reasons stated below, the court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint.

## BACKGROUND

Following a two-week trial, on May 5, 2006, Campbell was convicted in this court of conspiracy to import cocaine, importation of cocaine, conspiracy to distribute and possess with intent to distribute cocaine, and possession with intent to distribute cocaine. On August 23, 2006, the Honorable Charles P. Sifton, United States District Judge, sentenced Campbell to a term of imprisonment of 97 months. By Sentencing Memorandum ordered and signed on August 19, 2008, Judge Sifton denied Campbell's motion for a reduction of his sentence, made pursuant to 18 U.S.C. § 3582(c)(2). On April 7, 2009, Judge Sifton denied Campbell's motion for reconsideration of the sentencing memorandum. See United States v. Campbell, No. 05-CR-304(CPS), 2009 WL 961845, at *1 (E.D.N.Y. Apr. 7, 2009).

1

On July 28, 2009, Judge Sifton denied Campbell's petition to vacate his conviction pursuant to 28 U.S.C. § 2255. In that opinion, Judge Sifton noted that Campbell had submitted numerous letters to the court asserting:

> that he was kidnaped by federal agents pursuant to his arrest, that the warrant for his arrest was invalid because it lacked a docket number, that the warrant was invalid because it was signed during the course of his trial by a magistrate judge at the direction of the Court, that federal agents attempted to entrap him, that his defense attorney colluded with the Court, that a passport that he sought to introduce as evidence was wrongfully excluded from his trial, and that he was forcefully medicated and assaulted after his arrest. In addition to these arguments, petitioner has submitted a claim for damages suffered as a federal civilian employee.

United States v. Campbell, No. 05-CR-304 (CPS), 2009 WL 2252228, at *1 (E.D.N.Y. Jul. 28, 2009).

Prior to filing the instant complaint with the court, Campbell filed a tort claim with the Administrative Office of the United States Courts. By notification letter dated August 12, 2009, the Administrative Office of the United States Courts denied Campbell's claim, finding: (1) to the extent that his claim arises from a judge's performance of judicial functions, or a court employee's performance of duties integral to the judicial process, his claim may not be settled under the FTCA; (2) the United States may assert absolute judicial immunity from liability; (3) Campbell failed to prove negligence on the part of a federal officer or employee that could give rise to tort liability; and (4) to the extent that Campbell alleges constitutional violations, his claims are excluded from the coverage of the FTCA. (Compl. Ex. 3.)

In the instant complaint, Campbell alleges a conspiracy among government employees, including Judge Sifton, Judge Sifton's case manager, several Assistant United States Attorneys, his defense counsel, and Federal Bureau of Prisons personnel, to kidnap and assault him.

(Compl. ¶ 7.) The complaint alleges that Judge Sifton "attempt[ed] to use evil spirits in the courtroom to further the kidnapping [*sic*], malicious prosecution, assault, and even later, the attempt[ed] murder of plaintiff only because he is the Son of the Most High God." (Compl. ¶ 14.) Campbell alleges that employees at FMC Devens placed drugs in his food. (Compl. ¶ 15.) Campbell further alleges that:

> Court appointed counsel, Mr. Lurusso in an attempt to deceive plaintiff, Campbell, changed the appearance of his face, and acted as a psychiatrist, in order to give a competency examination to plaintiff during 2005, while at Manhattan, New York. Following such examination, same counsel appeared in federal district court as the doctor, and thus left plaintiff without counsel, as said individual could not portray himself as both the "doctor" and "plaintiff's counsel," at the same time. This action was in violation of plaintiff's right to have counsel present.

(Compl. ¶ 17.) Campbell seeks $850 billion in monetary damages. (Compl. at ¶ 20.)

## DISCUSSION

A. <u>Standard of Review</u>

Courts are obliged to construe the pleadings of a *pro se* plaintiff liberally, particularly allegations of civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

3

B.  Analysis

An action is frivolous when: (1) the claim is "based on an indisputably meritless legal theory," or (2) the "factual contentions are clearly baseless[,]" Neitzke v. Williams, 490 U.S. 319, 327 (1989), "such as when allegations are the product of delusion or fantasy." Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990); see also Gallop v. Cheney, No. 08 Civ. 10881(DC), 2010 WL 909203, at *5 (S.D.N.Y. Mar. 15, 2010). Here, after liberally construing Campbell's complaint, his allegations lack either a believable factual basis or any conceivable legal merit. Accordingly, although plaintiff has exhausted his administrative remedies under the FTCA, his claim is dismissed as frivolous.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
May 3, 2010